**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Atanas Marinov,<br><br>    Plaintiff,<br><br>vs.<br><br>Federal National Mortgage Association; MetLife Home Loans; Fannie Mae; John Doe,<br><br>    Defendants. | No. CV11-2115-PHX-DGC<br><br>**ORDER** |

Defendants move to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Doc. 4. The motion has been fully briefed. Docs. 4, 5, 6. No party has requested oral argument. For the reasons that follow, the Court will dismiss the complaint without prejudice.

**I.    Background.**

This case concerns property located at 6825 East Culver Street in Scottsdale, Arizona (the "Property"). The Property was security for a mortgage loan from Defendant MetLife Home Loans ("MetLife"), a division of MetLife Bank, N.A., to Plaintiff.

On October 1, 2010, MetLife informed Plaintiff that he was eligible for the Home Affordable Modification Program ("HAMP"). Doc. 1-1, at 8. The October 1, 2010 HAMP letter stated: "[a]s long as you comply with the terms of the Trial Period Plan, we will not start foreclosure proceedings or conduct a foreclosure sale if foreclosure

proceedings have started. If you fail to comply with the terms of the Trial Period Plan and do not make other arrangements, your loan will be enforced according to its original terms, which could include foreclosure." Doc. 1-1, at 10. Plaintiff accepted the Trial Period Plan. Doc. 1-1, at 11-15.

On March 14, 2011, MetLife notified Plaintiff that his request for Loss Mitigation Assistance had been denied, that he would not get a HAMP, and that if a foreclosure action had commenced, it would not be canceled or postponed but would continue unless MetLife otherwise agreed in writing or if the loan was paid off or brought current. Doc. 1-2, at 9-10. On March 15, 2011, Plaintiff appears to have received two letters from MetLife: the first advising him that MetLife had received his signed Special Forebearance Agreement (the "Agreement") (Doc. 1-2, at 7), the second advising him that he had defaulted on the Agreement, that the Agreement was null and void, and that the foreclosure process would resume (Doc. 1-2, at 8). On March 23, 2011, Plaintiff received another letter from MetLife asking for specific financial disclosures and offering to work with Plaintiff to meet his mortgage obligation. Doc. 1-2, at 11-12. On April 13, 2011, MetLife informed Plaintiff that they had received his workout package for review. Doc. 1-2, at 13. The letter also stated: "If there is a foreclosure sale scheduled on your property, acknowledgment of this package is not a promise to cancel or postpone the foreclosure sale. A completed package has to have been received at least 5 days prior to the foreclosure sale date to be considered for review." *Id.*

A foreclosure sale of the Property occurred on April 15, 2011. Doc. 4, at 2. On August 24, 2011, following a trial at which Plaintiff represented himself, Commissioner Benjamin Vatz of the Maricopa County Superior Court held that Defendant Federal National Mortgage Association ("FNMA") was entitled to immediate possession of the Property and that Plaintiff was guilty of forcible detainer of the Property. CV2011-013515. *See* Doc. 4-2.

Plaintiff filed a pro se complaint on September 12, 2011 in Maricopa County

Superior Court. CV2011-098611. On October 27, 2011, Defendants removed the case to this Court. Doc. 1. The complaint alleges breach of contract and fraudulent possession of property and asks for $150,000 in punitive damages. Doc. 1-1, at 7.

**II. Legal Standard.**

When analyzing a complaint for failure to state a claim under Rule 12(b)(6), all allegations of material fact "are taken as true and construed in the light most favorable to the nonmoving party." *Smith v. Jackson*, 84 F.3d 1213, 1217 (9th Cir. 1996). Legal conclusions couched as factual allegations "are not entitled to an assumption of truth." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009). To avoid a Rule 12(b)(6) dismissal, the complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant acted unlawfully." *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556).

The court may not assume that the plaintiff can prove facts different from those alleged in the complaint. *See Associated Gen. Contractors of Cal. V. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). A court should, however, apply less stringent pleading standards to pro se plaintiffs, such that inartful pleadings are still considered by the court. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Weilburg v. Shapiro*, 488 F.3d 1202, 1205 (9th Cir. 2007) (holding that pro se complaints are to be construed liberally).

**III. Dismissal of the Complaint.**

Plaintiff's complaint alleges that despite MetLife's April 13, 2011 acknowledgement of receiving Plaintiff's loan modification paperwork, Defendants proceeded with the foreclosure sale on April 15, 2011. Doc. 1-1, at 6. For this reason, Plaintiff claims that the Maricopa County Superior Court incorrectly granted possession of the Property to FNMA on August 17, 2011. As Defendants note, however, MetLife's

April 13, 2011 acknowledgement letter clearly stated that it was not a promise to cancel or postpone a foreclosure sale and that the completed paperwork had to be received at least five days prior to the foreclosure sale to be considered for review. Doc. 1-2, at 13.

It is unclear what contract Plaintiff accuses Defendants of breaching. Furthermore, Plaintiff has not alleged a false or misleading statement or action by Defendants that forms the basis of his fraudulent possession charge. The Court concludes that Plaintiff's hand-written, five-paragraph complaint does not meet the *Twombly* pleading standard because it does not allege facts sufficient to state a claim to relief that is plausible on its face, nor does it give Defendants notice of the nature of the claims against them. 550 U.S. at 570.

**IV. Leave to Amend.**

Plaintiff has not requested leave to amend his complaint. The Court recognizes, however, that leave to amend should be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2). "A pro se litigant must be given leave to amend his or her complaint unless it is 'absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" *Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 624 (9th Cir. 1988) (citation omitted). It is not clear that the complaint is incurable given Plaintiff's allegation that he had no notice of the time and date of the foreclosure sale. Doc. 1-1, at 6. The Court will dismiss the complaint without prejudice and allow Plaintiff to file an amended complaint that contains sufficient factual allegations to support his claims.

Plaintiff is advised that although he is proceeding pro se, he must become familiar with and follow the Federal Rules of Civil Procedure and the Rules of the United States District Court for the District of Arizona ("Local Rules"). *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1986) ("Pro se litigants must follow the same rules of procedure that govern other litigants."). The Federal Rules of Civil Procedure are available at the following Internet website: www.law.cornell.edu/rules/frcp/. A copy of the Court's Local Rules may be obtained in the Clerk's Office and are available online at the Court's

Internet website: www.azd.uscourts.gov (follow hyperlink titled "Rules/General Orders").

For purposes of the amended complaint, Plaintiff is directed to Rule 8 of the Federal Rules of Civil Procedure. Rule 8(a) provides, in pertinent part:

> A pleading which sets forth a claim for relief . . . shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

Fed. R. Civ. P. 8(a). Plaintiff is advised that vague references to breach of contract and fraudulent possession of property are insufficient to satisfy even the liberal notice pleading requirements of Rule 8. The "short and plain statement of the claim" required by Rule 8(a)(2) must not only designate a cause of action, but must also include enough factual allegations to render the claim plausible. *Iqbal*, 129 S.Ct. at 1950. Such factual allegations must provide enough information for "the court to draw the reasonable inference that the defendant[s are] liable for the misconduct alleged." *Id.* at 1149.

Plaintiff is further advised that he is responsible for having the summons and amended complaint properly served on each Defendant within the time allowed by Rule 4(m) of the Federal Rules of Civil Procedure.

If Plaintiff fails to prosecute this action or comply with the rules or any Court order, the Court may dismiss the action with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir.1992). Any claims that are not re-alleged in the amended complaint will be waived. *See London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981) ("It has long been the rule in this circuit that a plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint.").

**IT IS ORDERED:**

1. Plaintiff's complaint (Doc. 1-1, at 6-7) is **dismissed** without prejudice for failure to state a claim upon which relief can be granted.

2. Plaintiff may file an amended complaint on or before **February 12, 2012**.

Dated this 18th day of January, 2012.

_____
David G. Campbell
United States District Judge